IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FREDERICK F. McGEE,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-577-DRH |
| | ) |
| **UNITED STATES of AMERICA,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

   This cause is before the Court on Petitioner's motion to proceed *in forma pauperis*. Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 1651 to challenge his sentence stemming from his 1995 conviction in the United States District Court for the Eastern District of Missouri. Essentially, Petitioner seeks a form of habeas corpus relief, as he is challenging his sentence; therefore, the Court will treat the petition as one filed pursuant to 28 U.S.C. § 2241.

   Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

The only argument presented in this petition is Petitioner's belief that his sentence is invalidated by the recent Supreme Court cases of *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *United States v. Booker*, 125 S.Ct. 738 (U.S. Jan. 12, 2005).[1] However, if Petitioner wishes to attack his federal sentence, he must file a motion to vacate, set aside or correct sentence in the federal court which entered judgment. *See* 28 U.S.C. § 2255. Because this Court is not the federal court which entered judgment against Petitioner, this Court has no jurisdiction to address the merits of the instant petition.

Accordingly, the motion for leave to proceed *in forma pauperis* is **DENIED**, and this action is summarily **DISMISSED** without prejudice to Petitioner raising his claims in a court of appropriate jurisdiction. The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:  September 15, 2005.**

/s/   David RHerndon
**DISTRICT JUDGE**

---

[1] The Seventh Circuit has already determined that the holding of *Booker* does not apply retroactively to criminal cases that became final before *Booker's* release on January 12, 2005. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).